IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERROL D. FULFORD-EL, | * | |
| Petitioner, | * | |
| v | * | Civil Action No.GLR-20-245 |
| SGT. FOWLER, and MS. GERMOSEN, | * | |
| | * | |
| Respondents. | | |

***

# MEMORANDUM OPINION

On January 28, 2020, Petitioner Errol D. Fulford-El filed this Petition for Writ of Habeas Corpus challenging his continued confinement in the Prince George's County Detention Center. (ECF No. 1). Petitioner alleged that he was sentenced on October 22, 2019 and is eligible for parole. (Pet. at 7, ECF No. 1). He states that Respondents have denied him access to parole and access to good time credits. (Id.). Specifically, he states that he is "missing" 70 days' worth of diminution of confinement credits. (Id.). He alleges that Sgt. Fowler has denied him access to grievances. Fulford-El asks to have a parole hearing and to be credited for 60 days toward his sentence. (Id.).

Respondents Sgt. Fowler and Ms. Germosen ("Respondents") filed a Response on March 9, 2020. (ECF No. 4). Respondents argue that Fulford-El has received all of the credit toward his sentence which he was entitled and that he was released from incarceration at the Detention Center on March 5, 2020. (Id.). After reviewing these papers, the Court finds no need for an evidentiary hearing. See R. Govern. § 2254 Cases U.S. Dist.

Ct. 9(a); 28 U.S.C. § 2254(e)(2) (2018). For the reasons set forth below, the Court will deny the Petition and decline to issue a Certificate of Appealability.

On October 22, 2019, Fulford-El began to serve an eighteen-month sentence entered by the Circuit Court for Prince George's County in Case No. CT190161X. (Resp. Pet. at 5, ECF No. 4). On February 27, 2019, the Prince George's County Detention Center prepared a "Projected Release Date" form, which, after applying all appropriate credits to Fulford-El's sentence, projected his release date as March 5, 2020. (Id. at 5–7). Fulford-El was released from the Prince George's County Detention Center on March 5, 2020. (Id. at 6).

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–78 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. Id. at 478 (quoting Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer, 523 U.S. at 7 (quoting Lewis, 494 U.S. at 477).

As Petitioner has received all of the relief he could receive through his Petition and faces no collateral consequences from the claims alleged, the matter is now moot. See Quarterman v. Young, No. CAE-18-1461, 2020 WL 3442841 (S.D.W.Va. 2020) (holding

that as Petitioner did not challenge his conviction or raise a substantive challenge to the legality of his sentence, but rather challenged only the calculation of his sentence, his release rendered his habeas claim moot); Dickerson v. Fed. Bureau of Prisons, No. ICB-10-1363, 2013 WL 6388738 (S.D.W.Va. 2013) (holding Petitioner's assertion that he was entitled to prior custody credit for state custody was rendered moot by release).

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a petitioner satisfies this standard by demonstrating "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (internal quotation marks omitted); see Buck v. Davis, 137 S. Ct. 759, 773 (2017). Because Petitioner fails to satisfy this standard, the Court declines to issue a certificate of appealability.[1]

A separate Order follows.

  10/14/2020          /s/      
Date        George L. Russell III
      United States District Judge

---

[1] Denial of a certificate of appealability in the district court does not preclude Petitioner from requesting a certificate of appealability from the appellate court.

3